UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRACEY J. REYNOLDS-WILSON, )<br>    Plaintiff, )<br> )<br>    vs. )<br> )<br>TOWN COUNCIL OF BROWNSBURG, )<br>INDIANA, *et al.*, )<br>    Defendants. ) | 1:05-cv-164-LJM-WTL |

## ORDER

Defendants have moved for Partial Summary Judgment addressed to Counts Three through Seven of Plaintiff's seven-count Complaint. Plaintiff has failed to respond and the case is now ready for ruling.

Plaintiff's Third Claim for Relief alleges generally that Plaintiff was treated "differently relative to terms and conditions of employment based on gender in violation of the equal protection clause of the 14th Amendment." The Fourth Claim for Relief alleges that "Defendant subjected Wilson to unfair disciplinary write-ups and suspension from work, in violation of the equal protection and due process clauses of the 14th Amendment." The Fifth Claim for Relief alleges that "Defendant subjected Wilson to unlawful conspiracy leading to the deprivation of civil or constitutional rights associated with employment, in violation of Section 1985." The Sixth Claim for Relief alleges that "Defendant denied Wilson procedural due process of law, in violation of the due process clause of the 14th Amendment when she was constructively terminated from employment." The Seventh, and final, Claim for Relief alleges that "Defendant denied Wilson substantive due process of law, in violation of the due process clause of the 14th Amendment when she was constructively terminated from employment. Denied substantive due process of law, in

violation of the due process clause of the 14th Amendment when she was constructively terminated from employment." [sic] On each count, Plaintiff alleges that the conduct of Defendant was intentional and reflects malice and the intentional disregard of the federal statutory rights of Plaintiff.

Plaintiff has failed to respond to the Motion for Partial Summary Judgment. While the failure to respond to such a motion is not always fatal, in a case in which the complaint alleging constitutional violations is very general, the particular defendant referenced by each count in the complaint is not delineated, and the complaint alleges much irrelevant information, the Court does expect a response that would clear up the ambiguity in the complaint.

Defendants have pointed to a great deal of precedent, most of which militates strongly against Plaintiff, which operates against the Plaintiff's success. Defendants have raised Statute of Limitations concerns that, without response from Plaintiff, damage the Plaintiff's case severely. None of the affidavits of Defendant Galloway is refuted or factually challenged, and a plaintiff facing a summary judgment challenge cannot rely simply on statements or general allegations made in the complaint to raise genuine issues of fact. Failure of the Plaintiff to respond to Defendants' Motion for Partial Summary Judgment in this case is, for the reasons outlined, fatal to Plaintiff's Counts Three through Seven. Defendants' Motion for Partial Summary Judgment is GRANTED.

IT IS SO ORDERED this 31st day of March, 2006.

                                                  LARRY J. McKINNEY, CHIEF JUDGE
                                                  United States District Court
                                                  Southern District of Indiana

Distributed to:

Michael Brian Langford
SCOPELITIS GARVIN LIGHT & HANSON
mlangford@scopelitis.com

Bobby Allen Potters
POTTERS LAW FIRM
bpotters@aol.com